IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WHIS B. GRANT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-1215-N-BN |
| | § | |
| SPINNMAKER, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. The undersigned issues the following findings of fact, conclusions of law, and recommendation that, for the reasons stated below, the Court should dismiss this action without prejudice under Federal Rules of Civil Procedure 4(m) and 41(b).

**Applicable Background**

Although Plaintiff Whis B Grant is proceeding *pro se*, because he paid the statutory filing fee, the Court advised him on May 10, 2017 that "he is responsible for properly serving each defendant with a summons and a complaint in accordance with Federal Rule of Civil Procedure 4. *See* FED. R. CIV. P. 4(c), 4(e), & 4(h) (setting forth procedures for serving defendants that are individuals in the United States and that are corporations, partnerships, or associations). That is, he must serve each defendant

-1-

in compliance with, as applicable, Rules 4(c), 4(e), or 4(h) and file proofs of service with the Court in accordance with Rule 4(*l*)." Dkt. No. 5 at 1.

Through the Court's May 10, 2017 order, Plaintiff was further advised "that, if proper service is not made before the 90th day after the filing of this action (which occurred on May 8, 2017) that is not a Saturday, Sunday, or legal holiday – which, here, [was] August 7, 2017 – this case is subject to dismissal without prejudice unless Plaintiff shows good cause for his failure to timely and properly effect service and for the Court to extend the time for service for an appropriate period. *See* FED. R. CIV. P. 4(m); *see also* FED. R. CIV. P. 41(b) (providing for dismissal, with or without prejudice, for failure to prosecute and obey court orders)." *Id.* at 1-2 (emphasis omitted).

On August 23, 2017, more than two weeks past the deadline to perfect service in this action, because the Court had not heard from Plaintiff since he filed the complaint, the Court ordered Plaintiff to file a written response "no later than September 13, 2017 to explain why service has not been perfected." Dkt. No. 7 at 2 (emphasis omitted). That order continued:

> Plaintiff's failure to perfect service in a timely manner may be excused – and the deadline to serve his complaint may be extended – only upon a sufficient showing of good cause. That is, Plaintiff's response to this order must explain how he attempted to comply with the Court's previous order by the applicable deadline (or by August 7, 2017).
> Plaintiff is CAUTIONED that if he fails to file a sufficient response by September 13, 2017, the undersigned will recommend that his lawsuit be dismissed without prejudice for failure to prosecute and obey court orders under Federal Rule of Civil Procedure 41(b).
> And he is further CAUTIONED that even a dismissal without prejudice could prevent the refiling of the claims made in this action. Because "this case cannot be timely refiled once dismissed as more than ninety days have elapsed since [Plaintiff] received [the] right-to-sue letter

from the EEOC" dated March 27, 2017 [Dkt. No. 3 at 15], "dismissal of [this] case even without prejudice will operate as a dismissal with prejudice." *Dudley v. Dallas Indep. Sch. Dist.*, No. 3:99-cv-2634-BC, 2001 WL 123673, at *3 (N.D. Tex. Jan. 12, 2001) (citations omitted); *see Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) ("If a Title VII complaint is timely filed pursuant to an EEOC right-to-sue letter and is later dismissed, the timely filing of the complaint does not toll the ninety-day limitations period." (citation omitted)).

*Id.* at 2-3 (emphasis omitted).

It is now more than one week past that deadline, and Plaintiff has failed to respond to the show cause order or otherwise contact the Court.

**Legal Standards and Analysis**

Rule 4(m)

Federal Rules of Civil Procedure 4(m) authorizes a district court to, after providing notice, dismiss a case *sua sponte* without prejudice for a plaintiff's failure to effectuate service on a defendant within 90 days of filing the complaint. *See, e.g., Davis v. Bank of Am., NA*, No. 3:12-cv-1036-M-BF, 2012 WL 4795591 (N.D. Tex. Oct. 9, 2012); *see also Drgac v. Treon*, No. H-07-4283, 2008 WL 4746984, at *1 (S.D. Tex. Oct. 27, 2008) ("A *pro se* plaintiff is entitled to notice before a district court dismisses an action, *sua sponte*, for failure to timely serve the defendants under Rule 4(m).... [But, a] plaintiff's *pro se* status and ignorance of the law do not constitute cause for his failure to effect service in compliance with the rules." (citing *Lindsey v. United States R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996); *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988))).

Because Plaintiff has failed to properly effect service within 90 days of filing the

complaint, and because the Court has twice explicitly notified Plaintiff that the failure to do so will subject the complaint to dismissal under Rule 4(m), *see* Dkt. Nos. 6 & 7, the Court should dismiss this action without prejudice under Rule 4(m).

Rule 41(b)

Under Federal Rule of Civil Procedure 41(b), "a district court may dismiss an action *sua sponte* if the plaintiff fails to comply with court orders." *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (citing FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)). Under the same rule, a district court also "may *sua sponte* dismiss an action for failure to prosecute." *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (citations omitted)). Such authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with

-4-

prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

By failing to comply with the Court's orders regarding service of process, Plaintiff has prevented this action from proceeding. Plaintiff has therefore failed to prosecute this lawsuit and obey the Court's order. A Rule 41(b) dismissal of this action without prejudice is warranted under these circumstances. And the undersigned concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case until such time as Plaintiff decides to comply with the Court's orders. Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending case and *sua sponte* dismiss this action without prejudice.

**Recommendation**

The Court should dismiss this action without prejudice under Federal Rules of Civil Procedure 4(m) and 41(b). But if Plaintiff responds to the Court's last order [Dkt. No. 7] by filing a written response to that order showing good cause for his failure to timely and properly effect service – that is, explaining why service has not been properly accomplished within the applicable time period after filing this action – and also showing good cause why the Court should give him additional time within which

to properly effect service, the Court should refer the case back to the undersigned for further review.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 21, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE